# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60554

ADALBERTO RODRIGUEZ-BENITEZ,

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2014

Petitioner

Lyle W. Cayce
Clerk

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before HIGGINBOTHAM, CLEMENT, and HIGGINSON, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Adalberto Rodriguez-Benitez appeals the Board of Immigration Appeals' ("BIA") decision affirming the denial of his application for cancellation of removal for victims of domestic violence. The Immigration Judge ("IJ") found Rodriguez-Benitez ineligible for relief due to a prior narcotics conviction. Rodriguez-Benitez claims the narcotics conviction cannot be grounds for finding him "inadmissible," and therefore ineligible for relief, because the government did not charge that conviction in his Notice to Appear ("NTA"). He also argues the BIA erred in holding that the Attorney General's authority to waive convictions in this context is limited to domestic violence and stalking convictions. We dismiss his petition for review.

No. 13-60554

I.

Rodriguez-Benitez was born in Mexico. During his childhood there, he was subjected to extremely violent physical abuse at the hands of his father, who had United States Legal Permanent Resident status. In approximately 1995 at age fifteen, Rodriguez-Benitez immigrated without being admitted to the United States, where he has four United States citizen children. He has been arrested three times. The first two occasions involved domestic violence-related incidents; the first was dismissed and the second resulted in a Judgment of Community Supervision for eighteen months. His third arrest resulted in a conviction for possession of less than two ounces of marijuana. After this arrest, Rodriguez-Benitez was detained by United States Immigration and Customs Enforcement and issued an NTA that charged him as an alien present in the United States without having been admitted or paroled pursuant to the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i).[1] The NTA did not charge him with inadmissibility based on his conviction for possession of marijuana. He admitted the factual allegations in the NTA and conceded removability, but applied for relief in the form of Special Rule Cancellation of Removal for victims of domestic violence under INA § 240A(b)(2).[2]

The IJ denied Rodriguez-Benitez's application for relief on January 25, 2011. The IJ found that Rodriguez-Benitez's 2010 conviction for marijuana possession made him inadmissible under INA § 212(a)(2),[3] and therefore he was unable to show he was "not inadmissible" under INA § 240A(b)(2)(A)(iv).[4] The IJ also found that Rodriguez-Benitez was not eligible for a waiver of

---

[1] 8 U.S.C. § 1182(a)(6)(A)(1).
[2] 8 U.S.C. § 1229b(b)(2).
[3] 8 U.S.C. § 1182(a)(2).
[4] 8 U.S.C. § 1229b(b)(2)(A)(iv).

No. 13-60554

ineligibility for cancellation of removal under INA § 240A(b)(5)[5] because his conviction was for marijuana and not domestic violence or stalking.

Rodriguez-Benitez appealed the IJ's decision to the BIA, which affirmed on July 10, 2013. He timely appealed.

II.

The REAL ID Act of 2005[6] grants this Court "subject-matter jurisdiction over constitutional claims and questions of law that were exhausted before the BIA."[7] "The BIA's determination that an alien is ineligible for discretionary relief in the form of cancellation of removal is a question of law that we review *de novo*, deferring to the BIA's interpretation of the statutes and regulations it administers."[8] We first consider "whether Congress has spoken directly to the precise question at issue," in which case "the BIA and this court must give effect to that intent."[9] Where, as here, the statute "is silent or ambiguous with respect to the specific issue,"[10] but the three-member Board panel did not publish its order in this case or otherwise cite to precedential authority, this Court affords only *Skidmore*[11] deference to the panel's interpretation.[12] To the extent the BIA's decision is affected by the IJ's ruling, we review both decisions.[13]

---

[5] 8 U.S.C. § 1229b(b)(5).

[6] 8 U.S.C. § 1252 (2006).

[7] *Said v. Gonzales*, 488 F.3d 668, 670 (5th Cir. 2007) (citing 8 U.S.C. §§ 1252(a)(2)(D), 1252(d)(1)); *see also Alvarado de Rodriguez v. Holder*, 585 F.3d 227, 233–34 (5th Cir. 2009).

[8] *Vasquez-Martinez v. Holder*, 564 F.3d 712, 715 (5th Cir. 2009) (citing *Danso v. Gonzales*, 489 F.3d 709, 712–13 (5th Cir. 2007); *Marquez–Marquez v. Gonzales*, 455 F.3d 548, 561 (5th Cir. 2006)).

[9] *Perez Pimentel v. Mukasey*, 530 F.3d 321, 324 (5th Cir. 2008) (quotation marks and citations omitted).

[10] *Id.*

[11] *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944).

[12] *Dhuka v. Holder*, 716 F.3d 149, 154–56 (5th Cir. 2013).

[13] *See Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).

No. 13-60554

III.

Rodriguez-Benitez first argues that the IJ erred in finding him ineligible for cancellation of removal for victims of domestic violence under INA § 240A(b)(2) based on inadmissibility under INA § 212(a)(2) because he never was charged with inadmissibility under that section of the law. He alleges this to be a prerequisite for ineligibility for relief. INA § 240A(b)(2) is a "Special Rule for [a] Battered Spouse or Child" ("Special Rule Cancellation") that provides for the cancellation of removal and adjustment of status of an alien "who is inadmissible or deportable . . . if the alien demonstrates that" he "has been battered or subjected to extreme cruelty by a spouse or parent who is or was a United States citizen" and that he is "not inadmissible under paragraph (2) or (3) of section 212(a)." Paragraph (2) of section 212(a), in turn, lists criminal grounds of inadmissibility, and specifies that an alien is inadmissible if he is convicted of, or admits having committed, a violation of any law relating to a controlled substance.[14]   Rodriguez-Benitez argues that this Court should interpret the statute as requiring the government overtly to charge an alien with one of the grounds enumerated in INA § 212(a)(2) as a prerequisite for finding him inadmissible on those grounds, and thus ineligible for Special Rule Cancellation.

Neither the text of the statute nor our precedent supports the reading Rodriguez-Benitez urges. Rodriguez-Benitez analogizes his interpretation of "inadmissible" to the series of cases in which the BIA has interpreted "deportable" as requiring that an alien be charged with the grounds of deportation to be disqualified from seeking suspension of deportation. The BIA reasoned in two long-standing cases, *Matter of Ching*[15] and *Matter of Fortiz*,[16]

---

[14] INA § 212(a)(2)(A)(i)(II).

[15] 12 I. & N. Dec. 710, 710 (BIA 1968).

[16] 21 I. & N. Dec. 1199 (BIA 1998)

4

that the phrase "is deportable"[17] "relates to an alien who has been charged and found deportable"; in other words, an alien is statutorily eligible for the relief of suspension of deportation despite being convicted of a disqualifying criminal violation if the government failed to charge the alien as deportable on the grounds of that specific criminal violation.[18]  No provision of the law explicitly required the government to charge disqualifying grounds of deportability.  But the BIA reasoned that an alien deported from within the United States "is entitled to the full benefits of procedural due process" and that regulations required determinations of deportability to be made on "clear, unequivocal, and convincing evidence" and "only from a record made in a proceeding before a special inquiry officer."[19]  An alien only "is deportable" for these purposes, then, if he has been charged and found to be so.

Rodriguez-Benitez urges that a different interpretation for "inadmissible" would be arbitrary and unfounded.  But the context of the two phrases and the statutes in which they are found are distinct.  The prior version of the "Suspension of Deportation" statute at issue in *Matter of Ching* provided that "the Attorney General may, in his discretion, suspend deportation . . . of an alien . . . who applies to the Attorney General for suspension of deportation and is deportable" for various reasons outlined in different subsections.  The BIA determined in *Matter of Ching* and *Matter of Fortiz* that the phrase "is deportable" encompassed only those grounds of deportability charged by the government.  But here, unlike there, the statute

---

[17] This statutory language was used in the former INA § 244(a)(2) regarding suspension of deportation, which was codified at 8 U.S.C. § 1254 and was repealed in 1996.

[18] *Ching*, 12 I. & N. Dec. at 710; *Fortiz*, 21 I. & N. Dec. at 1199 ("For an alien to be barred from eligibility for a waiver under section 212(c) of the Act as one who 'is deportable' by reason of having committed a criminal offense, he or she must have been charged with, and found deportable on, such grounds."); *In re Jurado-Delgado*, 24 I. & N. Dec. 29, 31 (BIA 2006).

[19] *Ching*, 12 I. & N. Dec. at 712.

places an affirmative burden on the petitioner seeking relief: "The Attorney General may cancel removal of . . . an alien who is inadmissible or deportable . . . *if the alien demonstrates that . . . the alien is not inadmissible*" under the criminal grounds that disqualify Rodriguez-Benitez.[20]  This burden of proof on the petitioner demonstrates that the government is not required to charge disqualifying grounds enumerated therein, but rather that the petitioner must show he has none.  We must conclude that the government was not required to charge Rodriguez-Benitez's narcotics conviction in the NTA for that conviction to serve as a ground of inadmissibility for Special Rule Cancellation, and we thus dismiss his petition for review.

## IV.

Rodriguez-Benitez also argues that a judge is permitted to waive grounds of inadmissibility under INA § 212(a)(2) for offenses other than those related to domestic violence.  But the clear language of the statute states otherwise.  INA § 240A(b)(5) is entitled "Application of Domestic Violence Waiver Authority" and states that "[t]he authority provided under section 237(a)(7) may apply" to the Special Rule Cancellation of Removal provisions.  INA § 237(a)(7),[21] in turn, states that the Attorney General has the authority to waive otherwise-disqualifying crimes "with respect to crimes of domestic violence and crimes of stalking" under certain conditions in the case of an alien who is both a perpetrator and a victim of domestic violence.  There is no support for an argument that we should pull from INA § 237(a)(7) a general authority to waive all crimes instead of the specific authority described therein.  Because the BIA accordingly did not err in concluding the IJ lacked authority to waive Rodriguez-Benitez's narcotics-related grounds of inadmissibility, we dismiss

---

[20] INA § 240A(b)(2)(A)(iv) (emphasis added).
[21] 8 U.S.C. § 1227(a)(7).

No. 13-60554

his petition for review on these grounds as well.

## V.

Rodriguez-Benitez's marijuana conviction makes him inadmissible under INA § 212(a)(2)(A)(i)(II), which is a disqualifying ground for Special Rule Cancellation of Removal for victims of domestic violence. He thus is unable to meet his burden to show he qualifies for this form of relief. Accordingly, we DISMISS his petition for review.