**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

MARIO ERNESTO JAIMES-CARDENAS,
*Petitioner*,

v.

WILLIAM P. BARR, Attorney General,
*Respondent.*

No. 19-71849

Agency No.
A089-840-090

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 7, 2020
Seattle, Washington

Filed September 1, 2020

Before: Michael Daly Hawkins, D. Michael Fisher,[*] and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Hawkins

---

[*] The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

# SUMMARY<sup>**</sup>

## Immigration

Denying Mario Ernesto Jaimes-Cardenas's petition for review of a decision of the Board of Immigration Appeals concluding that he was ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(2), which provides a special rule for victims of domestic violence (the "Special Rule"), the panel held that the domestic violence waiver established under 8 U.S.C. § 1227(a)(7), and made applicable to cancellation of removal by 8 U.S.C. § 1229b(b)(5), is limited to crimes of domestic violence and stalking, and therefore does not cover Jaimes-Cardenas's drug conviction.

The Special Rule for cancellation of removal was enacted as part of the Violence Against Women Act of 1994 ("VAWA"). Under 8 U.S.C. § 1229b(b)(2)(A)(iv), an applicant for such relief must demonstrate that he or she is not inadmissible or deportable on certain grounds, subject to § 1229b(b)(5). Section 1229b(b)(5), in turn, provides that "the authority provided under section 1227(a)(7) of this title may apply under paragraphs (1)(B), (1)(C) and (2)(A)(iv) [of § 1229b(b)] in a cancellation of removal and adjustment of status proceeding." Section 1227(a)(7), in turn, establishes a waiver that is limited to crimes of domestic violence and stalking or violations of a domestic violence protective order.

An immigration judge denied Jaimes-Cardenas's application for Special Rule cancellation of removal, finding

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

first that he was inadmissible for having been convicted of a controlled substance offense. The IJ then considered whether, despite his conviction, he was potentially eligible for relief with a § 1227(a)(7) waiver. However, the IJ concluded that § 1227(a)(7) could not waive Jaimes-Cardenas's controlled substance offense. The BIA adopted and affirmed the IJ's denial of relief.

Before this court, Jaimes-Cardenas conceded that § 1227(a)(7) is limited to offenses for domestic violence and stalking and violations of a protective order, but argued that § 1229b(b)(5) is an independent and broader domestic violence waiver that covers all offenses listed in (1)(B), (1)(C), and (2)(A)(iv) of § 1229b(b), which would include his controlled substance conviction.

The panel held that the plain meaning of § 1229b(b)(5) allows the waiver of § 1227(a)(7) to apply in Special Rule cancellation proceedings only to the extent of the authority granted in § 1227(a)(7). The panel explained that § 1229b(b)(5) imports § 1227(a)(7)'s textual limitations and that nothing in the text, statutory context, or statutory purpose of VAWA otherwise allowed the panel to find that § 1229b(b)(5) establishes a freestanding domestic violence waiver. The panel also noted that its approach comported with that of the Fifth Circuit, the only other circuit that appears to have dealt with the issue.

Because the plain meaning of § 1229b(b)(5) supports the agency's conclusion that the applicable domestic violence waiver does not cover Jaimes-Cardenas's drug conviction, the panel concluded that he was ineligible for Special Rule cancellation of removal.

## COUNSEL

Jessica E. Rehms (argued), Northwest Immigrant Rights Project, Tacoma, Washington; Aaron Korthuis, Northwest Immigrant Rights Project, Seattle, Washington; for Petitioner.

Anna Juarez (argued), Senior Litigation Counsel; Melissa Neiman-Kelting, Assistant Director; Joseph H. Hunt, Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

HAWKINS, Circuit Judge:

Mario Ernesto Jaimes-Cardenas seeks review of the Board of Immigration Appeals' ("BIA") order affirming the denial of his application for relief pursuant to 8 U.S.C. § 1229b(b)(2), which concerns a special rule for cancellation of removal and adjustment of status for victims of domestic violence (the "Special Rule"). The Immigration Judge ("IJ") found Jaimes-Cardenas ineligible for cancellation of removal as a battered spouse due to a prior drug conviction. Although Jaimes-Cardenas claimed that a domestic violence waiver under the Special Rule waived that ineligibility ground, the agency disagreed. The agency concluded that the domestic violence waiver established by 8 U.S.C. § 1227(a)(7) is limited to crimes of domestic violence and stalking, and that the Special Rule's waiver provision incorporates these textual limitations. Jaimes-Cardenas argues that the agency erred because, in his view, the Special Rule has a freestanding and broader domestic violence

waiver.  We conclude that the plain language of the relevant statutory provisions establishes that the domestic violence waiver under the Special Rule only incorporates the authority provided under § 1227(a)(7), which concededly does not cover Jaimes-Cardenas's drug conviction.  Thus, he is ineligible for special cancellation of removal as a domestic violence victim.  We therefore deny his petition for review.[1]

## I.

Jaimes-Cardenas is a native and citizen of Mexico.  He first entered the United States without inspection in or around 2008, and shortly thereafter met U.S. citizen Flora Rico.  They coupled, eventually getting married and starting a family.  Flora, however, was addicted to methamphetamines, which Jaimes-Cardenas urged her to stop using.  She responded with violence and abuse, threatening to call Immigration and Customs Enforcement ("ICE") on him.  One incident led to Jaimes-Cardenas's arrest, after which he was transferred to ICE custody and voluntarily returned to Mexico.  Less than a year later, he returned to the U.S. with the help of Flora, who was then pregnant with their first child.

After the child was born, Flora became increasingly abusive and controlling over Jaimes-Cardenas's life.  He suffered physical, emotional, and verbal abuse from her, but stayed in the relationship because of his children and love for Flora.  Eventually, matters took a turn for the worse.  Flora used more drugs and started selling drugs to support her habit.  She left Jaimes-Cardenas and their children, only initiating contact when she needed money or was in trouble.

---

[1] We deny as moot Jaimes-Cardenas's motion to stay removal proceedings (ECF Docs. 1 and 9).

After one particularly bad incident, the local Department of Human Services intervened, which resulted in Jaimes-Cardenas losing custody of their six children (four biological) placed in foster care. Flora later was arrested and convicted of possession of methamphetamine.

Jaimes-Cardenas then attempted to cut ties with Flora, but she showed up at his apartment to convince him to get back together with her. At the time, there was an active arrest warrant against her for failure to comply with the terms of her sentence. Jaimes-Cardenas had to go to work and left the apartment. Flora stayed behind, bringing in methamphetamine and drug paraphernalia. Later that day, Jaimes-Cardenas's landlord informed him that police were looking for him because they found methamphetamine in his apartment. Despite Flora's statement that the methamphetamine was hers, police arrested Jaimes-Cardenas and charged him with possession, manufacture, and delivery of methamphetamine, as well as hindering prosecution for his failure to report Flora in light of her active arrest warrant. After his arrest, Jaimes-Cardenas's counsel informed him that "he would likely face more detention by ICE and removal if he decided to fight the case." He therefore pleaded to one count of possession of methamphetamine.[2]

The Department of Homeland Security ("DHS") then initiated removal proceedings against Jaimes-Cardenas. DHS charged him as inadmissible for: (1) entering without

---

[2] Jaimes-Cardenas claims that his counsel did not inform him that pleading guilty could make him "ineligible for any type of immigration relief" and is currently seeking post-conviction relief in Oregon state court. During oral argument, counsel stated that Jaimes-Cardenas's petition was on appeal there.

inspection under 8 U.S.C. § 1182(a)(6)(A)(i); and (2) having been convicted of a law or regulation related to a controlled substance offense under 8 U.S.C. § 1182(a)(2)(A)(i)(II). Jaimes-Cardenas admitted the allegations and conceded removability, but he applied for relief in the form of special cancellation of removal for victims of domestic violence under 8 U.S.C. § 1229b(b)(2).

The IJ denied Jaimes-Cardenas's application for relief, finding first that he was inadmissible under § 1182(a)(2)(a)(i)(II) as an "alien convicted of . . . a violation of . . . any law . . . relating to a controlled substance." The IJ then considered Jaimes-Cardenas's argument that "despite his conviction, he is eligible or potentially eligible because [of] the provisions in [§ 1229b(b)(5)]." The IJ determined that § 1229b(b)(5) authorizes the domestic violence waiver of § 1227(a)(7) to apply in certain cancellation of removal or adjustment of status proceedings. In looking at § 1227(a)(7)'s text, the IJ found that "the authority provided for the waiver under Section [1227](a)(7), even if granted, does not waive [Jaimes-Cardenas's] [§ 1182](a)(2) controlled substance offense." Specifically, § 1227(a)(7)'s waiver only applies to crimes of domestic violence and stalking or violations of a domestic violence protective order, as defined in § 1227(a)(2)(E)(i) and (ii). Because Jaimes-Cardenas's methamphetamine conviction was "not a domestic violence conviction, nor a stalking conviction, nor a violation of a protective order," the IJ deemed him ineligible for special cancellation of removal under § 1229b(b)(2)(A)(iv).

The BIA adopted and affirmed the IJ's denial of relief, concluding "the plain language of the pertinent statutory sections indicate that [Jaimes-Cardenas's] controlled substance conviction makes him ineligible for both special

rule cancellation of removal under section [1229b](b)(2) of the Act, and a waiver under sections [1229b](b)(5) and [1227](a)(7)." Jaimes-Cardenas timely petitioned for our review.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a). "Where, as here, the BIA adopts the [IJ's] decision and also adds its own reasons, [the panel] review[s] both decisions." *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005). The BIA's interpretation of purely legal questions is reviewed de novo. *Id.*

## III.

Under the Immigration and Nationality Act ("INA"), DHS may initiate removal proceedings against any alien deemed "inadmissib[le]" under 8 U.S.C. § 1182(a) or "deportab[le]" under § 1227(a). *See* 8 U.S.C. § 1229a(a)(2). In certain circumstances, an alien may seek to "cancel" his removal and adjust his status to that of a lawful permanent resident. This case concerns the INA's "[s]pecial rule for battered spouse[s] or child[ren]," § 1229b(b)(2)(A), enacted as part of the Violence Against Women Act of 1994 ("VAWA"). More specifically, we must consider the interplay between three provisions: § 1229b(b)(2)(A)(iv), § 1229b(b)(5), and § 1227(a)(7)(A) to determine the scope of the domestic violence waiver applicable to cancellation of removal and adjustment of status proceeding under the Special Rule.

First, the Special Rule requires that an alien seeking cancellation of removal as a battered spouse or child demonstrate that:

the alien is not inadmissible under paragraph **(2)** or (3) of **section 1182(a)** of this title, is not deportable under paragraphs (1)(G) or (2) through (4) of section 1227(a) of this title, **subject to paragraph (5)**, and has not been convicted of an aggravated felony.

§ 1229b(b)(2)(A)(iv) (emphasis added).

Next, paragraph (5) of the Special Rule, titled "Application of domestic violence waiver authority," provides that:

The authority provided under section **1227(a)(7)** of this title may apply under paragraphs (1)(B), (1)(C), and **(2)(A)(iv)** in a cancellation of removal and adjustment of status proceeding.

§ 1229b(b)(5) (emphasis added).

Last, the waiver codified at § 1227(a)(7) provides that:

The Attorney General is not limited by the criminal court record and **may waive the application of paragraph (2)(E)(i) (with respect to crimes of domestic violence and crimes of stalking) and (ii)** in the case of an alien who has been battered or subjected to extreme cruelty and who is not and was not the primary perpetrator of violence in the relationship–

(i) upon a determination that–

> (I) the alien was acting is [sic] self-defense;
>
> (II) the alien was found to have violated a protection order intended to protect the alien; or
>
> (III) the alien committed, was arrested for, was convicted of, or pled guilty to committing a crime–
>
>> (aa) that did not result in serious bodily injury; and
>>
>> (bb) where there was a connection between the crime and the alien's having been battered or subjected to extreme cruelty.

§ 1227(a)(7)(A) (emphasis added).

The parties dispute whether § 1229b(b)(5) is a freestanding and broader domestic violence waiver or instead incorporates the limitations of § 1227. The agency contends that § 1229b(b)(5) incorporates the limitations of § 1227(a)(7), which limit the waiver to offenses for domestic violence and stalking under § 1227(a)(2)(E)(i) and violations of a protective order under § 1227(a)(2)(E)(ii), which would exclude Jaimes-Cardenas's conviction. Jaimes-Cardenas concedes that § 1227(a)(7) is limited in this manner. However, he argues that § 1229b(b)(5) is an independent and broader domestic violence waiver that covers all the offenses covered by paragraphs (1)(B), (1)(C), and (2)(A)(iv) of § 1229b(b), which would include his controlled substances conviction.

Because this appeal boils down to a question of statutory interpretation, we start with the text. *Bottinelli v. Salazar*, 929 F.3d 1196, 1199 (9th Cir. 2019). "Whether the statutory text has a plain and unambiguous meaning depends on the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* (citation and quotation marks omitted). Here, the plain language of § 1229b(b)(5) supports the agency's interpretation.

Section 1229b(b)(5)'s title, "Application of domestic violence waiver authority," demonstrates its purpose is to simply allow the domestic violence waiver codified at § 1227(a)(7) to apply in proceedings under § 1229b(b). This purpose is borne out by the text of § 1229b(b)(5), which says, "The *authority provided under section 1227(a)(7) of this title may apply under paragraphs (1)(B), (1)(C), and (2)(A)(iv)* in a cancellation of removal and adjustment of status proceeding."        8 U.S.C. § 1229b(b)(5) (emphasis added).

Read plainly, § 1229b(b)(5) incorporates only the authority provided in § 1227(a)(7)'s waiver of deportability. There is no indication that it either adds to or expands that authority.        Section 1229b(b)(5) imports § 1227(a)(7)'s textual limitations, starting with the offenses to which § 1227(a)(7) is limited (domestic violence and stalking under § 1227(a)(2)(E)(i) and violations of protective orders under § 1227(a)(2)(E)(ii)), and then the determinations that must be made under § 1227(a)(7)(A)(i)(I) through (III) (the alien acted in self-defense, the alien violated a protective order intended to protect the alien, or the crime did not result in serious bodily injury and was connected to the alien's abuse). In other words, § 1227(a)(7)'s textual limitations do not disappear when the waiver is applied to cancellation of

removal under § 1229b(b)(5). They remain, and thus circumscribe the waiver's application to cancellation of removal and adjustment of status proceedings under the Special Rule.

We are unpersuaded by the arguments that Jaimes-Cardenas advances to support his expansive reading of § 1229b(b)(5). Jaimes-Cardenas's arguments omit § 1229b(b)(5)'s language that expressly incorporates the "authority provided under § 1227(a)(7)." We are not free to do so. *See Ariz. State Bd. for Charter Sch. v. U.S. Dep't of Educ*., 464 F.3d 1003, 1007 (9th Cir. 2006). Nothing in the text, statutory context, or statutory purpose of VAWA otherwise allows us to find that § 1229b(b)(5) establishes a freestanding domestic violence waiver that may be applied differently than the textual limitations of § 1227(a)(7). Therefore, we hold the plain meaning of § 1229b(b)(5) allows the waiver of § 1227(a)(7) to apply in proceedings under § 1229b(b)(5) only to the extent of the authority granted in § 1227(a)(7). It does not create a separate waiver that would apply more broadly to all the offenses that "fall under" § 1229b(b)(1)(B), (1)(C), and (2)(A)(iv) as Jaimes-Cardenas suggests. The domestic violence waiver that applies to the Special Rule proceedings thus does not cover his methamphetamine possession conviction.[3]

Our approach here comports with the Fifth Circuit's in *Rodriguez-Benitez v. Holder*, 763 F.3d 404 (5th Cir. 2014), the only other circuit who appears to have dealt with this issue. There, the Fifth Circuit found "the clear language" of

---

[3] We express no opinion on the viability of Jaimes-Cardenas's eligibility for special cancellation of removal should his collateral attack on his drug conviction under *Kentucky v. Padilla*, 559 U.S. 356 (2010), prove fruitful.

§ 1229b(b)(5) does not permit a judge to waive grounds of inadmissibility under § 1182(a)(2) "for offenses other than those related to domestic violence." *Id.* at 407. Looking to § 1229b(b)(5)'s title and text, as well as the language of § 1227(a)(7), the Fifth Circuit found "no support for an argument that [it] should pull from [§ 1227(a)(7)] a general authority to waive all crimes instead of the specific authority described therein." *Id.* at 408. That conclusion comports with our statutory analysis.

## IV.

The plain meaning of § 1229b(b)(5) supports the agency's conclusion that the applicable domestic violence waiver does not cover Jaimes-Cardenas's drug possession conviction. He was therefore ineligible for special cancellation of removal. His petition for review is denied.

**PETITION FOR REVIEW DENIED.**