**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESPERANZA ESTRADA ELLIS, AKA Esparanza Lapitan Estrada, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   18-71615 <br><br> Agency No. A200-158-992 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022[**]
Honolulu, Hawaii

Before:  HAWKINS, R. NELSON, and FORREST, Circuit Judges.

Petitioner Esperanza Estrada Ellis petitions for review of the agency's order

finding her removable on the basis of having committed a crime involving moral

turpitude. We have jurisdiction under 8 U.S.C. § 1252, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

**1.  *Removability.*** Petitioner argues she was improperly charged as removable because the agency erroneously classified her as an arriving noncitizen when she entered the Commonwealth of the Northern Mariana Islands in 2003 after visiting the Philippines. Petitioner failed to raise this argument to the agency, however, and therefore we lack subject-matter jurisdiction to consider it. *Padilla-Padilla v. Gonzales*, 463 F.3d 972, 976 (9th Cir. 2006).

**2.  *Crime involving moral turpitude.*** Petitioner argues that the term "crime involving moral turpitude" (CIMT) is unconstitutionally vague. Binding precedent requires that we reject this argument. *See, e.g.*, *Islas-Veloz v. Whitaker*, 914 F.3d 1249, 1250–51 (9th Cir. 2019).

Petitioner also argues that bank fraud in violation of 18 U.S.C. § 1344 is not a CIMT. To determine whether an offense is a CIMT, we apply the categorical approach. *Jauregui-Cardenas v. Barr*, 946 F.3d 1116, 1119–20 (9th Cir. 2020). "Without exception . . . a crime in which fraud is an ingredient involves moral turpitude." *Jordan v. De George*, 341 U.S. 223, 227 (1951). "A crime involves fraudulent conduct, and thus is a crime involving moral turpitude, if intent to defraud is either 'explicit in the statutory definition' of the crime or 'implicit in the nature' of the crime." *Blanco v. Mukasey*, 518 F.3d 714, 719 (9th Cir. 2008) (quoting *Goldeshtein v. INS*, 8 F.3d 645, 648 (9th Cir. 1993)).

Here, intent to defraud is a required element of bank fraud as defined in 18

U.S.C. § 1344. The Supreme Court has explicitly held that 18 U.S.C. § 1344(1) requires "that a defendant intend to defraud a financial institution." *Loughrin v. United States*, 573 U.S. 351, 357 (2014) (quotation marks omitted). And under 18 U.S.C. § 1344(2), the government is required to prove that a defendant "acted with intent to defraud." Ninth Circuit Manual of Model Criminal Jury Instruction § 15.39 (2021); *see also United States v. McNeil*, 320 F.3d 1034, 1037–40 (9th Cir. 2003). Petitioner's arguments to the contrary concern the underlying facts of her crime, which we do not consider in applying the categorical approach. *McNaughton v. INS*, 612 F.2d 457, 459 (9th Cir. 1980). Consequently, we find the agency did not err by treating Petitioner's crime of conviction as a CIMT.

    **3.**     ***Parole-in-place status.*** Petitioner argues that the agency erred in concluding that service of her notice to appear automatically ended her parole-in-place status because the government failed to determine that "neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States." 8 C.F.R. 212.5(e)(2)(i). Based on this claimed error, she further argues that she was improperly charged as removable. But even if the agency misapplied 8 C.F.R. § 212.5(e)(2)(i), Petitioner does not explain how her parole status would have prevented her from becoming removable. "Parole-in-place" status has no bearing on whether a noncitizen is "admitted" for purposes of the INA. *See* 8 U.S.C. § 1182(d)(5)(A); 8 U.S.C § 1101(a)(13)(B); *see also* 8 C.F.R. § 1.2. And Petitioner

presents no authority indicating that parole-in-place status precludes removal proceedings based on a CIMT conviction. *See Alanniz v. Barr*, 924 F.3d 1061, 1068 (9th Cir. 2019); *Wong v. United States*, 373 F.3d 952, 968 (9th Cir. 2004).

4. ***Cancellation of removal.*** Finally, Petitioner argues that the agency erred by finding her statutorily ineligible for cancellation of removal based on several possibly applicable exceptions to the general rule that a nonpermanent resident with a CIMT conviction is statutorily ineligible for cancellation of removal. 8 U.S.C. §§ 1229b(b)(1)(C), 1182(a)(2). Putting aside potential exhaustion and waiver issues, we have found that these rules apply only to noncitizens involved in domestic abuse. *Jaimes-Cardenas v. Barr*, 973 F.3d 940, 944 (9th Cir. 2020). As Petitioner's crime was bank fraud, and not related to domestic violence, the exceptions that Petitioner identified are inapplicable as a matter of law. Thus, we hold that the agency did not err in finding Petitioner ineligible for cancellation of removal.

**PETITION FOR REVIEW DISMISSED IN PART; DENIED IN PART.**