**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 12 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GENOVEVA PARDO CRUZ, | Nos. 22-1890 |
| Petitioner, | Agency No. A208-595-886 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2024[**]
San Francisco, California

Before: R. NELSON, FORREST, and SANCHEZ, Circuit Judges.

Genoveva Pardo Cruz, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration

Judge's ("IJ") denial of her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. "Where, as here, the BIA adopts the [IJ's] decision and also adds its own reasons, [the panel] review[s] both decisions." *Jaimes-Cardenas v. Barr*, 973 F.3d 940, 943 (9th Cir. 2020) (quoting *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005)). "We review factual findings for substantial evidence and legal questions de novo." *Flores Molina v. Garland,* 37 F.4th 626, 632 (9th Cir. 2022) (citation omitted). We review the denial of a motion to sever, motion for change of venue, and request for a continuance for abuse of discretion. *See Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009); *Baires v. I.N.S.*, 856 F.2d 89, 91-92 (9th Cir. 1988). We deny the petition.

1. Less than two weeks before her merits hearing, Pardo Cruz moved to sever her case from her mother's and for a change of venue from Oregon to California. In her motion, Pardo Cruz stated only that she moved to California due to "interfamilial issues" and that it would be cost prohibitive for her to travel back to Oregon for future court hearings. The IJ denied Pardo Cruz's motion as untimely because her merits hearing had been pending for more than two years. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 831 n.16 (9th Cir. 2011). The BIA affirmed, noting that Pardo Cruz's asylum claim rested on the same facts as her mother's asylum claim, both of which remained before the IJ. On this record, the BIA did not abuse its discretion in determining that good cause did not support Pardo Cruz's last minute motion for severance and change of venue.

2

2.      Pardo Cruz contends that the IJ erred by refusing to continue her merits hearing where her counsel failed to appear at the hearing. We disagree. Pardo Cruz was notified of her right to counsel, provided with a list of legal aid organizations, and granted several continuances to locate an attorney. She had nearly three years to secure counsel but appeared at her merits hearing without an attorney. Although the attorney who had submitted Pardo Cruz's motion for severance and change of venue had not filed a notice of appearance with the agency, the IJ paused the hearing to attempt to communicate with the attorney. Unable to reach the attorney, the IJ exercised his discretion to resume the proceedings. *See Ahmed*, 569 F.3d at 1012 ("The decision to grant or deny the continuance is within the sound discretion of the judge and will not be overturned except on a showing of clear abuse." (cleaned up)); *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022) (finding no abuse of discretion where petitioner was granted prior continuances, had several years to locate counsel, and no attorney had entered an appearance on her behalf).[1] The BIA did not abuse its discretion in affirming the IJ's denial of a continuance on these grounds.

---

[1] Pardo Cruz alleges, without supporting authority, that the IJ's denial of a continuance "came at the cost of [her] due process." Because Pardo Cruz has not developed the argument that her due process right to counsel was violated, the issue is deemed waived. *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010).

3.      Substantial evidence supports the BIA's denial of asylum or withholding of removal.  Pardo Cruz contends that her case should be remanded to the agency based on the vacatur of *Matter of L-E-A*, 27 I&N Dec. 581 (A.G. 2019), which the IJ relied upon to find her proposed family-based particular social group foreclosed.  When reviewing BIA decisions, "we consider only the grounds relied upon by [the] agency."  *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021).  The BIA declined to address whether Pardo Cruz's proposed family-based particular social group is cognizable and determined that she had not established a nexus between the harm alleged and a protected ground.  The BIA's nexus determination was an independent basis for the denial of relief and was dispositive of her asylum and withholding of removal claims.

4.      Finally, Pardo Cruz did not challenge the IJ's denial of CAT protection before the BIA.  Therefore, she has failed to exhaust her CAT claim.  *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).[2]

**PETITION DENIED.**

---

[2] Pardo Cruz also waived any challenge to the BIA's conclusion that she could safely relocate within Mexico and denial of CAT protection by only addressing these issues in the conclusion of her opening brief.  *See Cui v. Garland*, 13 F.4th 991, 999 n.6 (9th Cir. 2021).

4