NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

APR 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSENDA GOMEZ-RUIZ, et al,<br><br>                Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>                Respondent. | No. 23-883<br><br>Agency Nos.<br>A087-451-557<br>A215-824-247<br>A215-824-248<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 1, 2024[**]
Pasadena, California

Before: R. NELSON, VANDYKE, and SANCHEZ, Circuit Judges.

Rosenda Gomez-Ruiz and her two sons, Hugo Danilo Aguilar-Ortega and

Joshua Anderson Aviel Hernandez-Ortega, seek review of the Board of

Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ)

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

"Where, as here, the BIA adopts the IJ's decision and also adds its own reasons, the panel reviews both decisions." *Jaimes-Cardenas v. Barr*, 973 F.3d 940, 943 (9th Cir. 2020) (cleaned up). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *See Flores Molina v. Garland,* 37 F.4th 626, 632 (9th Cir. 2022). "Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022) (citation omitted).

1. Substantial evidence supports the agency's determination that Petitioners failed to establish past persecution. Persecution is "an extreme concept" defined as "the infliction of suffering or harm . . . in a way regarded as offensive." *Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (quotation marks and citation omitted). Gomez-Ruiz was harassed by her work supervisor after she refused to sign falsified documents related to his drug activities. Although her supervisor threatened to kill her and her sons at one point, this threat did not result in any harm to Gomez-Ruiz or her family in the five months that followed. Death threats constitute "persecution in only a small category of cases, and only when the

2

threats are so menacing as to cause significant actual suffering or harm." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citing *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000)). Our cases recognize that "some circumstances that cause petitioners physical discomfort or loss of liberty do not qualify as persecution, despite the fact that such conditions have caused the petitioners some harm." *Mihalev v. Ashcroft*, 388 F.3d 722, 729 (9th Cir. 2004). While traumatic, the record does not compel the conclusion that the harm Gomez-Ruiz suffered rises to the level of past persecution.

Gomez-Ruiz contends that the agency erred by determining that a May 2018 shooting incident, followed by an anonymous telephone threat, was a "byproduct of civic unrest and economic turmoil in Guatemala" and not sufficiently linked to her underlying claims. Substantial evidence supports the agency's determination. The shooting incident and telephone threat occurred in the course of Gomez-Ruiz's job as a paramedic while she was transporting a victim shot earlier in the day. Gomez-Ruiz concedes that she does not know who fired the shots, who the shooters were targeting, or who made the telephone threat. Because the evidence is susceptible to differing interpretations, we defer to the agency's consideration of the evidence.[1]

---

[1] Gomez-Ruiz also failed to establish that she was persecuted on account of her political opinion or membership in a particular social group (PSG). To the extent

3

Substantial evidence further supports the agency's finding that Petitioners do not have an "objectively reasonable" fear of future persecution. *See Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013). Gomez-Ruiz does not know if her supervisor still holds his position at the fire station where she worked because he was scheduled to be removed in December 2018. She presented no evidence that her supervisor continued to seek her out, two years after her refusal to sign falsified documents. Furthermore, Gomez-Ruiz testified that her supervisor was unaware she had family living in another town five hours away, suggesting Petitioners could reasonably relocate within Guatemala to avoid any harm.

2. Substantial evidence supports the agency's denial of CAT relief. "A petitioner seeking CAT relief must show that it is more likely than not that he will be tortured upon removal, and that the torture will be inflicted at the instigation of, or with the consent or acquiescence of, the government." *Arteaga v. Mukasey*, 511 F.3d 940, 948 (9th Cir. 2007). Petitioners' generalized country conditions evidence regarding violence and corruption in Guatemala is insufficient to establish a particularized risk of torture. *Delagado-Ortiz v.* Holder, 600 F.3d 1148, 1152 (9th

---

Gomez-Ruiz alleges a political opinion based upon "whistleblowing," she has not presented evidence that her supervisor was motivated by her actual or perceived anti-corruption beliefs, as opposed to personal retribution for her refusal to sign falsified documents. *See Singh v. Barr*, 935 F.3d 822, 825-26 (9th Cir. 2019). And there is no evidence to suggest her supervisor targeted her for her status as a "Guatemalan single woman," her proposed PSG.

Cir. 2010). Gomez-Ruiz and her sons were not physically harmed in Guatemala and there is no evidence in the record that Gomez-Ruiz's supervisor or his drug associates have a continued interest in targeting them. Therefore, Petitioners have not shown it is more likely than not they will be tortured if returned to Guatemala.

**PETITION DENIED.**