NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE NICOLAS ALVARADO COREAS; LILIAN VIRGINIA SOLANO PARADA; BYRON NICOLAS ALVARADO-SOLANO, <br><br> Petitioners, <br><br> v. <br><br> JAMES R. MCHENRY III, Acting Attorney General, <br><br> Respondent. | No. 23-2153 <br><br> Agency Nos. <br> A220-147-941 <br> A220-147-942 <br> A220-147-943 <br><br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 14, 2025**
Pasadena, California

Before: RAWLINSON and M. SMITH, Circuit Judges, and RAKOFF, District
Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

Jose Nicolas Alvarado Coreas, Lilian Virginia Solano Parada, and their minor son Byron Nicolas Alvarado-Solano, all natives and citizens of El Salvador, petition for review of the denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

When the Board of Immigration Appeals adopts the decision of the Immigration Judge and adds its own reasons, we review both decisions. *See Jaimes-Cardenas v. Barr*, 973 F.3d 940, 943 (9th Cir. 2020). "We review factual findings for substantial evidence and legal questions de novo. . . ." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (citation omitted). We have jurisdiction under 8 U.S.C. § 1252(a)(1) and we deny the petition.[1]

Substantial evidence supports the agency's denial of asylum and withholding of removal because petitioners failed to propose a cognizable social group. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1181-82 (9th Cir. 2021) Petitioners proposed a social group of "citizens who fear being assaulted or killed or kidnapped for refusing to be extorted by gang members who don't care or value human life." Petitioners also presented evidence that El Salvador has a history of

---

[1] Petitioners make no argument in their opening brief that public officials in El Salvador "would turn a blind eye to torture" by gang members. *Zheng v. Ashcroft*, 332 F.3d 1186, 1196 (9th Cir. 2003) (citation omitted). Government acquiescence is a necessary element of a claim for CAT relief. *See id.* Therefore, Petitioners have waived any challenge to the agency's denial of CAT relief. *See United States v. Briones*, 35 F.4th 1150, 1157 (9th Cir. 2021) *as amended* (observing that arguments not raised by a party in its opening brief are deemed waived).

gang members inflicting violence on those who refuse to pay extortion.  However, a proposed class consisting of those fearful of gang violence has been consistently rejected by this court.  *See, e.g. Zetino v. Holder,* 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a desire to be free from violence by gang members "bears no nexus to a protected ground").

**PETITION DENIED**.[2]

---

[2]The stay of removal will remain in place until the mandate issues. The motion for stay of removal is otherwise denied.