**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA JAUREGUI-CARDENAS, *Petitioner*, | No. 16-71309 |
| v. | Agency No. A205-320-208 |
| WILLIAM P. BARR, Attorney General, *Respondent*. | OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 15, 2019
Pasadena, California

Filed January 13, 2020

Before: Marsha S. Berzon and Paul J. Watford, Circuit
Judges, and Robert H. Whaley,[*] District Judge.

Opinion by Judge Whaley;
Concurrence by Judge Berzon

---

[*] The Honorable Robert H. Whaley, United States District Judge for
the Eastern District of Washington, sitting by designation.

**SUMMARY**[**]

**Immigration**

The panel granted Maria Jauregui-Cardenas' petition for review of a decision of the Board of Immigration Appeals concluding that she was ineligible for cancellation of removal due to her conviction for using false documents to conceal citizenship, in violation of California Penal Code ("CPC") § 114, and reversed and remanded, holding that CPC § 114 is neither an aggravated felony under 8 U.S.C. § 1101(43)(P) nor a crime involving moral turpitude.

The panel observed that the necessary elements for conviction under CPC § 114 are: (1) the use; (2) of a false document; (3) to conceal citizenship or alien status; (4) with specific intent.

The panel held that CPC § 114 is not an aggravated felony under 8 U.S.C. § 1101(43)(P). The definition of an aggravated felony set out in § 1101(43)(P) incorporates an offense described in 18 U.S.C. § 1546(a), which, as relevant here, provides that "[w]hoever . . . uses . . . any such visa, permit, border crossing card, alien registration card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing it to be . . . falsely made" shall be punished by law. The panel concluded that CPC § 114 is not a match to 18 U.S.C. § 1546(a), explaining that, in contrast to the elements of the state statute, which allow for the use

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

of *any* false document, the federal offense narrowly proscribes the use of specific, enumerated documents.

The panel also concluded CPC § 114 is not divisible, noting that there are no subsections or separate elements expressed in the statute that could be independently proven. Thus, the panel concluded that the application of the modified categorical approach would be improper, explaining that the inquiry ends here with the state statute of conviction being broader than its federal counterpart and thus, not a match for an aggravated felony.

The panel further held that CPC § 114 is not a CIMT. In so concluding, the panel observed that this court has defined a CIMT as an offense involving either fraud or base, vile, and depraved conduct that shocks the public conscience, and that a state conviction qualifies as a fraudulent CIMT when the intent to defraud is explicit in the statutory definition of the crime or implicit in the nature of the crime. Looking to CPC § 114, the panel noted that a violation occurs when a person has specific intent to use any false document to conceal his or her citizenship for any reason, and therefore, intent to defraud is not explicit in the definition.

Considering whether the crime is inherently fraudulent, the panel observed that this court has held that intent to defraud is implicit in the nature of the crime when the individual makes false statements in order to procure something of value, either monetary or non-monetary. Here, the panel explained that CPC § 114 does not require that there be any specific benefit to any specific person—it permits conviction simply for the use of a document to show another that the holder is a legal resident, even where that representation does not incur any benefit to the defendant. Accordingly, the panel held that because CPC § 114 does not

require fraudulent intent, it is overbroad, and therefore, not categorically a CIMT.

Concurring, Judge Berzon wrote that she concurred in the majority opinion in full, but wrote separately to reiterate her view that the phrase, "crime involving moral turpitude" is unconstitutionally vague. Observing that persistent efforts have failed to establish a standard of what a crime involving moral turpitude is, Judge Berzon wrote that it is time to revisit whether this phrase is unconstitutionally vague.

## COUNSEL

Richard Flores Lemus (argued), Law Offices of Richard F. Lemus, Fullerton, California, for Petitioner.

Yanal H. Yousef (argued), Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

## OPINION

WHALEY, District Judge:

Maria Jauregui-Cardenas petitions for review of a final order of removal, arguing the Board of Immigration Appeals ("BIA") erred in holding that she is an inadmissible alien who is not eligible for discretionary relief. The BIA concluded Jauregui-Cardenas is ineligible for cancellation of removal because her conviction for using false documents to conceal citizenship, in violation of California Penal Code ("CPC") § 114, categorically qualifies as an aggravated felony and alternatively, a crime involving moral turpitude

("CIMT"). Because the BIA erred in concluding that a conviction under CPC § 114 qualifies as an aggravated felony and a CIMT, we grant Jauregui-Cardenas' petition and remand for further consideration.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

Jauregui-Cardenas, a native of Mexico, has been living in the United States since 1992. In July 2013, Jauregui-Cardenas was convicted of using a false document to conceal citizenship, in violation of CPC § 114, and was sentenced to five years' imprisonment. Shortly thereafter, the Department of Homeland Security issued Jauregui-Cardenas a Notice to Appear and initiated removal proceedings against her. Jauregui-Cardenas sought relief from removal in the form of an application for cancellation of removal, pursuant to 8 U.S.C. § 1229b(b).

An immigration judge ("IJ") concluded that Jauregui-Cardenas was statutorily ineligible for cancellation of removal because her state conviction was categorically an aggravated felony pursuant to the Immigration and Nationality Act ("INA"), § 1101(a)(43)(P). The IJ issued a written decision denying Jauregui-Cardenas' request for relief and ordering that she be removed from the United States.

On appeal, the BIA affirmed the IJ's determination that Jauregui-Cardenas' conviction under CPC § 114 constitutes a categorical aggravated felony. The BIA further concluded, *sua sponte*, that the statute of conviction also qualifies as a

---

[1] Because we hold that Jauregui-Cardenas' conviction under CPC § 114 is not an aggravated felony or a CIMT that would bar her from cancellation of removal, we need not and do not reach the continuance issue in this matter.

categorical CIMT because it requires the use of a false document. Jauregui-Cardenas was declared ineligible for cancellation of removal and her appeal was dismissed. She now timely petitions for review.

Whether a conviction under CPC § 114 constitutes an aggravated felony or a CIMT for immigration purposes are novel issues before this court.

## STANDARD OF REVIEW

This Court has jurisdiction to review final orders of removal. *See Galindo-Romero v. Holder*, 640 F.3d 873, 877 (9th Cir. 2011). The proper standard for reviewing immigration proceedings depends on the nature of the decision being reviewed. *Viridiana v. Holder*, 646 F.3d 1230, 1233 (9th Cir. 2011). We review questions of law de novo, including whether a state statutory crime qualifies as an aggravated felony or a CIMT. *See Roman-Suaste v. Holder*, 766 F.3d 1035, 1038 (9th Cir. 2014); *see also Cuevas-Gasper v. Gonzales*, 430 F.3d 1013, 1017 (9th Cir. 2005), *abrogated in other part by Holder v. Martinez Gutierrez*, 566 U.S. 583 (2011). Where, as here, the BIA "has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Monlina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002). When concluding that a particular crime constitutes a predicate offense, if the BIA does not issue or rely on a published opinion we defer to its conclusion only to the extent that it has the "power to persuade." *See Nunez v. Holder*, 594 F.3d 1124, 1129 (9th Cir. 2010), *superseded in other part by rule as recognized in Betansos v. Barr*, 928 F.3d 1133 (9th Cir. 2019) (internal citation and quotation marks omitted).

## LEGAL STANDARD

Pursuant to the INA, certain noncitizens who are convicted of a predicate state offense are removable. 8 U.S.C. § 1227(a). In determining whether a conviction constitutes a disqualifying offense, such as an aggravated felony or a CIMT, courts apply the multi-step categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 599–602 (1990). *See Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1100 (9th Cir. 2011). A state offense categorically qualifies as an aggravated felony or a CIMT when its elements, without any consideration of the facts underlying the individual case, are fully encompassed by the generic federal offense. *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013). Thus, the first step of this approach is identifying the elements of the statute of conviction.

The second step involves comparing the elements of the statute of conviction to the generic federal definition to determine whether the statute of conviction is broader than the federal definition. *See Ceron v. Holder*, 747 F.3d 773, 778 (9th Cir. 2014) (en banc). A state statute is overbroad if "there is a 'realistic probability' of its application to conduct that falls beyond the scope of the generic federal offense." *Castrijon-Garcia v. Holder*, 704 F.3d 1205, 1212 (9th Cir. 2013) (quoting *Nunez*, 594 F.3d at 1129).

If the statute is overbroad, the third step requires determining whether the statute is divisible, thus warranting application of the modified categorical approach. *See Descamps v. United States*, 570 U.S. 254, 263–65 (2013). Under *Descamps*, a divisible statute is one that "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile." *Id*. at 257. When a statute is indivisible,

the inquiry ends and the overbroad statute cannot be used as a predicate offense. *Id*. at 265.

## I

At issue on review is whether a conviction for a violation of CPC § 114 constitutes a predicate offense rendering Jauregui-Cardenas ineligible for discretionary relief from removal. Thus, our inquiry centers around the statutory language of CPC § 114, which provides as follows:

> Any person who uses false documents to conceal his or her true citizenship or resident alien status is guilty of a felony, and shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for five years or by a fine of twenty-five thousand dollars ($25,000).

In determining whether the California statute categorically qualifies as an aggravated felony, we employ the steps of the categorical approach. *See supra* at pp. 7–8. Based on the above, the necessary elements for conviction under CPC § 114 are: (1) the use; (2) of a false document; (3) to conceal citizenship or alien status; (4) with specific intent. Having identified the elements of the statute of conviction, we then compare these elements with the relevant federal definition of an aggravated felony.[2] 18 U.S.C. § 1546(a) provides:

---

[2] INA Section 1101provides, in relevant part:

(43) The term "aggravated felony" means—

> Whoever . . . utters, uses, attempts to use, possesses, obtains, accepts, or receives any such visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained [shall be punished according to law].

In contrast to the elements in the state statute, which allow for the use of *any* false document, the federal offense narrowly proscribes only the use of the specific documents enumerated in § 1546(a). Thus, the California statute cannot be a match to the federal offense because it includes documents, such as fake drivers' licenses, that are not enumerated in the description of the federal crime. *See United States v. Wei Lin*, 738 F.3d 1082, 1084 (9th Cir. 2013) (the fraudulent use of a driver's license did not establish a violation of 18 U.S.C. § 1546(a) because it is not the type of document enumerated in the statute); *People v. Galvan*, 2008 WL 4666423, at *1 (Cal. Ct. App. 2008) (defendant pleaded no contest to a CPC § 114 charge after

---

(P) an offense (i) which either is falsely making, forging, counterfeiting, mutilating, or altering a passport or instrument in violation of section 1543 of title 18 or is described in section 1546(a) of such title (relating to document fraud) and (ii) for which the term of imprisonment is at least 12 months.

admitting to obtaining "a fake DMV identification card in order to work"). The California statute is overbroad.

Further, the California statute is not divisible, as there are no subsections or separate elements expressed in the statute that could be independently proven. As such, application of the modified categorical approach would be improper. The inquiry ends with the state statute of conviction being broader than its federal counterpart and thus, not a match. Accordingly, we hold that CPC § 114 does not constitute an aggravated felony for purposes of eligibility for cancellation of removal.

## II

In the alternative, the BIA concluded that a state conviction under CPC § 114 constitutes a CIMT. We disagree.[3] In reaching our conclusion we again employ the categorical approach. *See supra* at pp. 7–8.

Having already determined the necessary elements for the statute of conviction, we begin by comparing these elements with the federal definition of a CIMT. Although the INA instructs that certain noncitizens who are convicted of a CIMT may not receive cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1)(C), the INA does not provide a definition for the term "crime involving moral turpitude." In the absence of a statutory definition, this court has defined a CIMT as an offense involving "either fraud or base, vile, and depraved conduct that shocks the public conscience." *Nunez*, 594 F.3d at 1131 (brackets and internal quotation marks

---

[3] In addition to arguing that CPC § 114 is not a CIMT under the categorical approach, Jauregui-Cardenas asserts that she was denied her due process right to be heard because that issue was never argued before the BIA or IJ. As we hold that CPC § 114 does not constitute a CIMT, we do not reach Jauregui-Cardenas' due process argument.

omitted). As relevant here, a state conviction qualifies as a fraudulent CIMT when the intent to defraud is explicit in the statutory definition of the crime or implicit in the nature of the crime. *Blanco v. Mukasey*, 518 F.3d 714, 719 (9th Cir. 2008).

Looking first to the state statute, the text of CPC § 114 provides that a violation of the statute occurs when a person has specific intent to use any false document to conceal his or her citizenship for any reason. Intent to defraud is therefore not explicit in the statutory definition of the crime. Turning to whether the crime is inherently fraudulent, this court has held that "intent to defraud is implicit in the nature of the crime when the individual makes false statements in order to procure something of value, either monetary or non-monetary." *Blanco*, 518 F.3d at 719. However, where the purpose of deception is to obtain an intangible government benefit, there is no CIMT. *Id*. Further, "[w]hen the only 'benefit' the individual obtains is to impede the enforcement of the law, the crime does not involve moral turpitude." *See Latu v. Mukasey*, 547 F.3d 1070, 1074 (9th Cir. 2008) (citation omitted).

CPC § 114 does not require that there be any specific benefit to any specific person—it permits conviction simply for the use of a document to show another that the holder is a legal resident, even where that representation does not incur any benefit to the defendant. Thus, on its face, the California statute is overbroad. On that basis alone, it fails to qualify as a match with its federal counterpart and our inquiry is over.[4] As such, we hold that because CPC § 114

---

[4] As previously noted, CPC § 114 is not divisible and thus, the modified categorical approach is not applicable. *See supra* at p. 10.

does not require fraudulent intent, it is not categorically a crime involving moral turpitude.

## CONCLUSION

A conviction under CPC § 114 it is not an aggravated felony or a crime involving moral turpitude under the INA. Thus, the BIA erred in holding that Jauregui-Cardenas' state conviction precludes her from consideration for cancellation of removal.

Accordingly, the petition for review is **GRANTED**, the BIA's decision is **REVERSED**, and the matter is **REMANDED** to the agency for further proceedings consistent with this opinion.

BERZON, Circuit Judge, concurring:

I concur in the majority opinion in full. I write separately to reiterate my view that the phrase "crime involving moral turpitude" is unconstitutionally vague. *See Barbosa v. Barr*, 926 F.3d 1053, 1060–61 (9th Cir. 2019) (Berzon, J., concurring). The majority opinion provides yet another example of our "failed enterprise" to consistently determine whether a crime involves moral turpitude when there is no "coherent criteria" as to what that phrase encompasses. *Islas-Veloz v. Whitaker*, 914 F.3d 1249, 1258–61 (9th Cir. 2019) (Fletcher, J., concurring). As "persistent efforts" have failed "to establish a standard" of what a "crime involving moral turpitude" is, it is time to revisit whether this phrase is unconstitutionally vague. *See Johnson v. United States*, — U.S. —, 135 S. Ct. 2551, 2558 (2015) (internal citation and quotation marks omitted).