**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOAO PATRAO,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　　Respondent. | No.　18-71896<br><br>Agency No. A035-290-110<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021**

Before:　　GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

　　Joao Patrao, a native and citizen of Portugal, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision finding him removable and denying his

applications for cancellation of removal, asylum, withholding of removal, and

---

　　*　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　**　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the agency's determination that a crime is as an aggravated felony. *Jauregui-Cardenas v. Barr*, 946 F.3d 1116, 1118 (9th Cir. 2020). We review for abuse of discretion the agency's particularly serious crime determination. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). We review for substantial evidence the agency's factual findings. *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). We review de novo due process claims in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

In his opening brief, Patrao does not raise any challenge to the BIA's determination as to his removability. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

The agency did not err in concluding that Patrao's crime of conviction, California Penal Code ("CPC") § 245(a)(4), is categorically a crime of violence and, thus, an aggravated felony that bars cancellation of removal and asylum. *See* 8 U.S.C. § 1229b(a)(3); 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i); *see also United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1065-68 (9th Cir. 2018) (petitioner's offense under CPC § 245(a)(1) was a crime of violence and thus an aggravated felony); *United States v. Grajeda*, 581 F.3d 1186, 1192 (9th Cir. 2009) ("If the conviction

is based on 'force likely to produce great bodily injury,' such force . . . represents 'actual force' that is violent in nature."). Patrao's contention that agency failed to consider evidence or otherwise erred in its analysis fails as unsupported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("[BIA] does not have to write an exegesis on every contention" (citation and internal quotation marks omitted)); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (concluding petitioner did not overcome the presumption that the BIA reviewed the record). In light of this disposition, we need not reach Patrao's challenges to the agency's determination that his conviction in violation of California Health and Safety Code ("CHSC") § 11379(a) was an aggravated felony that rendered him ineligible for cancellation of removal and asylum. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

The agency did not abuse its discretion in determining Patrao's conviction under CPC § 245(a)(4) was a particularly serious crime barring him from eligibility for withholding of removal, where it applied the appropriate factors to weigh the seriousness of the crime in a case-specific inquiry. *See Avendano-Hernandez*, 800 F.3d at 1077 (the court's review "is limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach [its] conclusion."); *see also Bare v. Barr*, 975 F.3d 952, 964 (9th Cir. 2020) (all reliable

information may be considered in making a particularly serious crime determination). We do not reach Patrao's contentions as to whether his conviction in violation of CHSC § 11379(a) constituted a particularly serious crime for purposes of withholding of removal. *See Najmabadi*, 597 F.3d at 986 (the court's review is limited to the actual grounds relied upon by the BIA).

Substantial evidence supports the agency's denial of deferral of removal under CAT because Patrao failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Portugal. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Patrao's contentions that the IJ and the BIA violated his right to due process fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

To the extent Patrao challenges the agency's jurisdiction over his proceedings under *Pereira v. Sessions*, —— U.S. ——, 138 S. Ct. 2105, 201 L.Ed.2d 433 (2018), his contention is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 889, 895 (9th Cir. 2020) ("the lack of time, date, and place in the NTA sent to [petitioner] did not deprive the immigration court of jurisdiction over her case").

**PETITION FOR REVIEW DENIED.**