**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERTA AMPARO CRUZ, | No. 18-72929 |
| Petitioner, | Agency No. A070-939-781 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted March 16, 2021**

Before: GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Berta Amparo Cruz, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' ("BIA") orders dismissing her appeals from

an immigration judge's ("IJ") decisions denying her applications for special rule

cancellation of removal under § 203 of the Nicaraguan Adjustment and Central

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

American Relief Act ("NACARA"), asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and Temporary Protected Status ("TPS"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, including whether a state statutory crime qualifies as an aggravated felony. *Jauregui-Cardenas v. Barr*, 946 F.3d 1116, 1118 (9th Cir. 2020). We review de novo due process claims in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The BIA did not error in concluding that Cruz's conviction under California Health and Safety Code § 11375(b) is an aggravated felony where Cruz does not meaningfully challenge the divisibility of the statute and the judicially noticeable documents unambiguously establish that her conviction was for possessing Diazepam for sale. *See* 8 U.S.C. § 1101(a)(43)(B); *see also United States v. Martinez-Lopez*, 864 F.3d 1034, 1040-41 (9th Cir. 2017) (en banc) (holding that a similar California controlled substance statute is divisible with respect to the listed substances); *Coronado v. Holder*, 759 F.3d 977, 985-86 (9th Cir. 2014) (same). Cruz's contention that the agency should have analyzed a version of the statute that went into effect after her conviction fails. *See Cortes-Maldonado v. Barr*, 978 F.3d 643, 648 (9th Cir. 2020) (analyzing the statute of conviction as it existed at the time of petitioner's conviction). Cruz's contention that the certified electronic

18-72929

docket must use the phrase "as charged in the complaint" is foreclosed by *United States v. Torre-Jimenez*, 771 F.3d 1163, 1169 (9th Cir. 2014) ("[O]ur precedent squarely forecloses the argument that . . . the phrase 'as charged in the Information (or Indictment)' is not required where the documents are unambiguous."). We lack jurisdiction to consider Cruz's unexhausted contention regarding whether valium is a variant of Diazepam. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, the BIA did not err in concluding Cruz was statutorily barred from obtaining NACARA cancellation of removal where she was convicted of an aggravated felony. *See* 8 C.F.R. § 1240.61(b) (NACARA relief not available to an alien convicted of an aggravated felony).

In her opening brief, Cruz does not raise any challenge to the agency's determination that she failed to establish eligibility for asylum, withholding of removal, CAT, or TPS. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Cruz's contentions that the agency violated her right to due process fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim). To the extent Cruz contends her right to due process was violated because the IJ did not act as a neutral arbiter, we lack

18-72929

jurisdiction to consider the contention.  *See Barron*, 358 F.3d at 677-78.

On February 27, 2019, the court granted a stay of removal.  The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**