**NOT FOR PUBLICATION**

**FILED**

APR 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DILBERJIT JOHAL SINGH,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　　　Respondent. | No.　20-70922<br><br>Agency No. A061-825-157<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2021**

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Dilberjit Johal Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") decision finding him removable and denying his application for asylum, withholding of removal, and relief under the Convention

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of law, including whether a state statutory crime qualifies as an aggravated felony.  *Jauregui-Cardenas v. Barr*, 946 F.3d 1116, 1118 (9th Cir. 2020).  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014).  We deny in part and dismiss in part the petition for review.

The agency did not err in concluding that Singh's conviction under California Penal Code ("CPC") § 273.5(a) constitutes a categorical crime of violence aggravated felony.  *See* 8 U.S.C. § 1101(a)(43)(F) (defining the term aggravated felony to include a "crime of violence . . . for which the term of imprisonment [is] at least one year"); *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1086 (9th Cir. 2010) (holding that a conviction under CPC § 273.5(a) constitutes a categorical crime of violence under 18 U.S.C. § 16(a)).  Thus, the agency did not err in concluding that Singh's offense rendered him removable, *see* 8 U.S.C. § 1227(a)(2)(A)(iii), and ineligible for asylum, *see* 8 U.S.C. § 1158(b)(2)(A)(ii), (B).

We reject as unsupported by the record Singh's contentions that the agency applied an incorrect legal standard or otherwise erred in determining removability.

In his opening brief, Singh does not challenge the agency's determination that his offense was a particularly serious crime that rendered him ineligible for withholding of removal under the Immigration and Nationality Act and the CAT. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence supports the agency's denial of deferral of removal under CAT because Singh failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to India. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc) (agency must consider possibility of relocation within country of removal as part of CAT analysis).

We lack jurisdiction to consider Singh's contention that the IJ failed to properly develop the record as to evidence of hardship. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented below).

Singh's contentions that the IJ violated his due process rights fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

20-70922

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry No. 1) is otherwise denied.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**