**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 25 2021



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN MENDEZ-BAROCIO, AKA Johnny Mendez, AKA Juan Mendez, AKA Juan Barola Mendez, AKA Juan B. Mendoza, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  19-70635 <br><br> Agency No. A090-098-913 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2021**

Before:     CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Juan Mendez-Barocio, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying a motion to

remand and dismissing his appeal from an immigration judge's decision finding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

him removable, denying his motions to terminate, and denying his application for relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo the agency's determination that a crime is as an aggravated felony. *Jauregui-Cardenas v. Barr*, 946 F.3d 1116, 1118 (9th Cir. 2020). We review for abuse of discretion the denial of a motion to terminate. *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Mendez-Barocio's opposed motion for stay and abeyance is denied.

The agency did not err in concluding Mendez-Barocio's conviction in violation of California Penal Code ("CPC") §§ 664 and 187(a) is an aggravated felony rendering him removable where the statute is divisible, and the judicially noticeable documents unambiguously establish his conviction for attempted murder. *See Gomez Fernandez v. Barr*, 969 F.3d 1077, 1090 (9th Cir. 2020) (CPC § 187(a) is divisible); 8 U.S.C. § 1101(a)(43)(A), (U). The agency did not err in concluding Mendez-Barocio's conviction in violation of CPC § 245(a)(1) is a crime of violence aggravated felony, rendering him removable. *See United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1065-68 (9th Cir. 2018) (offense under CPC § 245(a)(1) was a crime of violence and thus an aggravated felony); *United States*

2                                                                                          19-70635

*v. Grajeda*, 581 F.3d 1186, 1192 (9th Cir. 2009) ("If the conviction is based on 'force likely to produce great bodily injury,' such force . . . represents 'actual force' that is violent in nature."). We reject as unsupported by the record Mendez-Barocio's contention that the agency sustained a charge of removability that was not listed in his notice to appear ("NTA"). Thus, the agency did not abuse its discretion in denying Mendez-Barocio's motion to terminate based on challenges to his removability. *See Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016) ("The BIA abuses its discretion when its decision is arbitrary, irrational, or contrary to law.") (internal citation omitted).

To the extent Mendez-Barocio challenges the jurisdiction over his proceedings under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), his contention is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) ("the lack of time, date, and place in the NTA sent to [petitioner] did not deprive the immigration court of jurisdiction over her case"). Thus, the agency did not abuse its discretion in denying Mendez-Barocio's motion to terminate based on challenges to the immigration court's jurisdiction. *See Dominguez*, 975 F.3d at 741 (no abuse of discretion in denial of motion to terminate where jurisdictional challenge failed).

Mendez-Barocio's contention that his right to counsel was violated fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice

19-70635

to prevail on a due process claim). We lack jurisdiction to consider Mendez-Barocio's contentions that his NTA did not provide him with reasonable notice of the charges against him, he was not provided an opportunity to voice objections to the amendment of his NTA, and he was denied a reasonable opportunity to respond to or present evidence, because his contentions are procedural errors requiring exhaustion before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Mendez-Barocio does not challenge, and therefore waives, the agency's denial of deferral of removal under the CAT and the BIA's denial of his motion to remand. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

To the extent Mendez-Barocio seeks to challenge his detention, he must seek relief in district court.

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**