NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS CORRALES-NAVARRO, AKA Jose Corrales, AKA Jose Luis Corrales, AKA Luis Corrales, AKA Jose Luis Navarro Corrales, | No. 19-70467 |
| | Agency No. A020-451-318 |
| Petitioner, | |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 21, 2021**

Before:     SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Jose Luis Corrales-Navarro, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision finding him removable. We have

_____

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. Whether a crime is as an aggravated felony is a question of law subject to de novo review. *Jauregui-Cardenas v. Barr*, 946 F.3d 1116, 1118 (9th Cir. 2020). We grant the petition for review and remand.

Corrales-Navarro was charged with removability based on his conviction for hindering prosecution under Arizona Revised Statutes ("ARS") § 13-2512. The agency sustained the charge of having been convicted of an aggravated felony offense relating to obstruction of justice. *See* 8 U.S.C. § 1227(a)(2)(A)(iii); *see also* 8 U.S.C. § 1101(a)(43)(S). However, ARS § 13-2512 is the "statutory embodiment" of the common-law offense of being an accessory after the fact and does not require an ongoing proceeding, *see State v. Johnson*, 156 P.3d 445, 451 (Ariz. Ct. App. 2007) (ARS § 13-2512 is "the statutory embodiment of the distinct, independent, common-law offense of being an accessory after the fact." (internal quotation marks omitted)), and as a result the sole charge of removability against Corrales-Navarro cannot be sustained, *see Valenzuela Gallardo v. Barr*, 968 F.3d 1053, 1069 (9th Cir. 2020) (holding California Penal Code § 32, accessory after the fact, is not a categorical match to the generic offense of obstruction of justice because it "encompasses interference with proceedings or investigations that are not pending or ongoing.").

We remand to the agency for further proceedings consistent with this order. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) ("In reviewing the

19-70467

decision of the BIA, we consider only the grounds relied upon by that agency. If we conclude that the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case.").

Corrales-Navarro's motion to proceed in forma pauperis is granted.

The parties shall bear their own costs on appeal.

**PETITION FOR REVIEW GRANTED; REMANDED.**