**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



**FILED**

AUG 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS ENRIQUE GARCIA-ESTRADA, Luis Enrique Estrada, AKA Luis Enrique Garcia, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 15-70845 <br><br> Agency No. A087-810-125 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021[**]

Before:     SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Luis Enrique Garcia-Estrada, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

cancellation of removal and his motion for a continuance. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Jauregui-Cardenas v. Barr*, 946 F.3d 1116, 1118 (9th Cir. 2020). We review for abuse of discretion the denial of a motion for a continuance. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The BIA properly denied cancellation of removal where Garcia-Estrada failed to meet his burden of proof to establish his conviction under California Health & Safety Code § 11377(a) was not for a controlled substance offense. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(II), 1229b(b)(1)(C); *Pereida v. Wilkinson,* 141 S. Ct. 754, 766 (2021) (an inconclusive conviction record is insufficient to meet applicant's burden of proof to show eligibility for relief).

The agency did not abuse its discretion in denying Garcia-Estrada's fourth request for a continuance where he failed to show good cause to grant it. *See* 8 C.F.R. § 1003.29; *Gonzalez v. INS*, 82 F.3d 903, 908 (9th Cir. 1996) (no abuse of discretion in denying request for continuance where multiple continuances had already been granted).

We lack jurisdiction to consider Garcia-Estrada's contentions as to reopening, suspension of deportation, extreme and exceptionally unusual hardship, prosecutorial discretion, ineffective assistance of counsel, administrative closure,

and relief under an unspecified 2014 Obama executive order because he failed to raise them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented below).

We do not address Garcia-Estrada's contention that the IJ failed to exercise discretion because the BIA did not reach this issue in denying relief, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)), and Garcia-Estrada does not argue that was in error, *see Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Garcia-Estrada's contentions that the agency failed to consider facts and adequately explain its reasoning, and that the BIA erred by failing to consider the due process rights of his United States children, fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim); *see also Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

We do not consider the materials Garcia-Estrada submitted with his opening brief that are not part of the administrative record.  *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**