**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL VICENTE GALDAMEZ,<br><br>    Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No. 14-70422<br><br>Agency No. A072-540-451<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2021**

Before: PAEZ, NGUYEN, and OWENS, Circuit Judges.

 Daniel Vicente Galdamez, a native and citizen of El Salvador, petitions pro

se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying his applications for special rule

cancellation of removal under § 203 of the Nicaraguan Adjustment and Central

---

 \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

American Relief Act ("NACARA"), voluntary departure, asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, including whether a state statutory crime qualifies as an aggravated felony. *Jauregui-Cardenas v. Barr*, 946 F.3d 1116, 1118 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's determination that Galdamez is not eligible for NACARA relief because he failed to establish that he is a registered ABC class member or applied for asylum prior to April 1, 1990. *See Ixcot v. Holder*, 646 F.3d 1202, 1213-14 (9th Cir. 2011) (court is precluded from reviewing the agency's factual determination that petitioner is ineligible for special rule cancellation of removal under NACARA).

The agency did not err in concluding that Galdamez failed to establish that his 1994 conviction under California Health and Safety Code § 11360(a) was not an aggravated felony that renders him ineligible for voluntary departure. *See* 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1229c(b); 1101(a)(43)(B); *Pereida v. Wilkinson*, 141 S. Ct. 754, 766 (2021) (an inconclusive conviction record is insufficient to meet applicant's burden of proof to show eligibility for relief).

14-70422

Substantial evidence supports the agency's determination that Galdamez failed to establish the harm he experienced in El Salvador was on account of a protected ground. *See Cruz-Navarro v. INS*, 232 F.3d 1024, 1029 (9th Cir. 2000) (harm occurring because of current membership in military is not persecution on account of a protected ground). In his opening brief, Galdamez does not challenge the agency's determination that he failed to establish the harm he fears in El Salvador would be on account of a protected ground. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, Galdamez's claims for asylum, humanitarian asylum, and withholding of removal fail.

Substantial evidence supports the agency's denial of CAT relief because Galdamez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). We reject as unsupported by the record Galdamez's contention that the agency erred in its analysis of his claim.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**