**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA ANGELICA MILLAN, | No. 18-73491 |
| Petitioner, | Agency No. A205-714-299 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2023**

Before:    FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Maria Angelica Millan, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her request to terminate,

pretermitting her application for cancellation of removal, and denying her

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Jauregui-Cardenas v. Barr*, 946 F.3d 1116, 1118 (9th Cir. 2020). We review for abuse of discretion the agency's particularly serious crime determination. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Millan's contention that jurisdiction did not vest with the immigration court due to the missing information in her Notice to Appear is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1193 (9th Cir. 2022) (en banc) (lack of hearing information in notice to appear does not deprive immigration court of subject matter jurisdiction, and 8 C.F.R. § 1003.14(a) is satisfied when later notice provides hearing information).

The BIA did not err in concluding that Millan failed to establish that her conviction under Cal. Health & Safety Code § 11366 is not an aggravated felony drug trafficking offense that renders her ineligible for cancellation of removal and asylum. *See* 8 U.S.C. §§ 1101(a)(43)(B), 1229b(a)(3); *Salviejo-Fernandez v. Gonzales*, 455 F.3d 1063, 1067-68 (9th Cir. 2006) (conviction under Cal. Health and Safety Code § 11366 constitutes an aggravated felony); *Pereida v. Wilkinson*,

141 S. Ct. 754, 766 (2021) (an applicant for relief bears the burden of showing eligibility and cannot meet burden with an inconclusive conviction record).

The agency did not abuse its discretion in determining Millan's conviction under Cal. Health & Safety Code § 11366 constituted a particularly serious crime barring her from withholding of removal, where it applied the appropriate factors to weigh the seriousness of the crime in a case-specific inquiry. *See Avendano-Hernandez*, 800 F.3d at 1077 (The court's review "is limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach [its] conclusion." (internal quotation marks and alteration omitted)); *see also Miguel-Miguel v. Gonzales*, 500 F.3d 941, 949 (9th Cir. 2007) (recognizing the "strong presumption" that drug trafficking offenses are particularly serious).

Substantial evidence supports the denial of CAT protection because Millan failed to show it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

18-73491