NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIO ZURITA HERREJON,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-207

Agency No.
A205-720-065

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2023**
San Francisco, California

Before: BEA, CHRISTEN, and JOHNSTONE, Circuit Judges.

Mario Zurita Herrejon ("Zurita"), a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") decision dismissing his

appeal of an Immigration Judge's ("IJ") denial of relief from removal. Because the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252. "We review questions of law de novo," *United States v. Alvarez*, 60 F.4th 554, 557 (9th Cir. 2023) (quoting *Jauregui-Cardenas v. Barr*, 946 F.3d 1116, 1118 (9th Cir. 2020)), including "whether a conviction qualifies as a crime of violence," *Flores-Vega v. Barr*, 932 F.3d 878, 882 (9th Cir. 2019). We deny the petition.

The BIA did not err in concluding Zurita is ineligible for cancellation of removal because he was convicted of a crime of domestic violence within the meaning of 8 U.S.C. § 1227(a)(2)(E)(i). The Ohio statute under which Zurita was convicted provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." Ohio Rev. Code Ann. § 2919.25(A).

First, Zurita failed to raise before the BIA his argument that Ohio Rev. Code Ann. § 2919.25(A) is not a categorical crime of domestic violence because it can be violated without the necessary intentional conduct. Accordingly, he failed to exhaust his administrative remedies as required by 8 U.S.C. § 1252(d)(1), and we do not consider the claim. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

Second, a conviction under Ohio Rev. Code Ann. § 2919.25(A) is categorically a crime of violence because it includes the element of physical force,

"that is, force capable of causing physical pain or injury to another person."

*Alvarez*, 60 F.4th at 562 (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)). We are bound by our decision in *Alvarez*, where we held that Ohio Rev. Code. Ann. § 2901.01(A)(3), which defines "physical harm" as an "injury, illness, or other physiological impairment, regardless of its gravity or duration," requires "force capable of causing physical pain or injury." *Id.* at 563. Further, Zurita did not present any Ohio cases applying the state statute to conduct falling outside the scope of the federal definition of a crime of violence. *See Flores-Vega*, 932 F.3d at 883.

The BIA did not err in denying Zurita a domestic violence waiver under 8 U.S.C. § 1227(a)(7). The BIA's determination that Zurita is not credible is dispositive of his claim of eligibility for a domestic violence waiver, and Zurita does not challenge that determination on appeal. Thus, we do not address Zurita's remaining challenges to the BIA's denial of a domestic violence waiver. *See INS v. Bagamasbad*, 429 U.S. 24, 25–26 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**PETITION DENIED.**