NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUNIOR NOEL VASQUEZ-CALIX, | No. 24-1364 |
| Petitioner, | Agency No. A095-800-372 |
| v. | MEMORANDUM[*] |
| TODD BLANCHE, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 20, 2026
San Francisco, California

Before: S.R. THOMAS, CHRISTEN, and FORREST, Circuit Judges.

Junior Vasquez-Calix, a lawful permanent resident of the United States and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) summary dismissal of his appeal from the denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. *See Jauregui-Cardenas v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Barr*, 946 F.3d 1116, 1118 (9th Cir. 2020). In light of our decision in *United States v. Gomez*, 165 F.4th 1199 (9th Cir. 2026) (en banc), Vasquez[1] is no longer removable. His removability was solely premised on his prior criminal conviction that after *Gomez* is no longer properly considered an aggravated felony. *See id.* at 1210. We grant the petition, vacate the order of removal, and remand to the BIA with instructions to terminate proceedings.

When an immigration case turns on an issue that the agency did not have an opportunity to pass on, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (per curiam) (quotation omitted). However, we have articulated four indicators that suggest remand for the agency to address an issue "is inappropriate." *Medina-Lara v. Holder*, 771 F.3d 1106, 1118 (9th Cir. 2014). They are: (1) whether "purely legal issues remain"; (2) whether the record is complete; (3) whether the agency has already addressed the dispositive issue; and (4) whether the Government is precluded from relitigating the conclusive issue. *Id.* Applying this framework here, we conclude that remand for the BIA to apply *Gomez* is unnecessary.

First, as in *Medina-Lara*, whether an offense can serve as a predicate for removal is a legal question. *See id.*; *see also Kwong v. Holder*, 671 F.3d 872, 876

---

[1]Petitioner's briefs refer to Petitioner as Vasquez. We do as well.

(9th Cir. 2011) ("Whether an offense is an aggravated felony for removal purposes is a question of law." (citation modified)). And the agency "has no special expertise . . . in construing state or federal criminal statutes." *Marmolejo-Campos v. Holder*, 558 F.3d 903, 907 (9th Cir. 2009) (en banc).

Second, and relatedly, no record development is needed here. All parties agree that Vasquez was convicted under California Penal Code § 245(a)(1), and that this conviction was the sole basis for removal. In other words, "the evidence in the record either supports the finding of removability or it does not." *Ruiz-Vidal v. Gonzale*s, 473 F.3d 1072, 1080 (9th Cir. 2007), *abrogated on other grounds by Kwong*, 671 F.3d 872. No additional fact finding is needed.

The other indicators are absent. The agency has yet to have the opportunity to assess Vasquez's removability, and is not precluded from doing so. *Cf. Medina-Lara*, 771 F.3d at 1118–19 (describing the requirements for preclusion in this context). But it is bound by our decision in *Gomez*. *See Goulart v. Garland*, 18 F.4th 653, 655 n.1 (9th Cir. 2021) ("[T]he BIA is generally bound by our precedent in cases arising from this circuit."). We see little to be gained in remanding to the agency so it can apply law that obviously leads to only one conclusion. *Cf. Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024) (explaining that judges are experts in the field of legal interpretation).

We decline to reach the other issues raised by Vasquez because doing so is

unnecessary to resolve his petition.

**PETITION GRANTED. WE VACATE THE ORDER OF REMOVAL AND REMAND WITH INSTRUCTIONS TO TERMINATE PROCEEDINGS.**